Filed 2/13/14  Duarte v. Kang CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| GRACIELA DUARTE et al., | B243364 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC431434) |
| v. | |
| SARA KANG et al., | |
| Defendants and Respondents. | |

APPEAL from the judgment of the Superior Court of Los Angeles County.  Debre Katz Weintraub, Judge.  Affirmed.

Marchiondo & Associates and Philip L. Marchiondo for Plaintiffs and Appellants.

Tharpe & Howell, Eric. B. Kunkel and Charles D. May for Defendants and Respondents.

\* \* \* \* \* \* \* \* \* \*

Plaintiffs and appellants Graciela Duarte and Maria Luz Castro appeal from a judgment following a jury trial in which the jury found in favor of defendants and respondents Sara Kang and Yang Mi Kim. Plaintiffs' sole contention on appeal is there is no substantial evidence supporting the jury's verdict. Defendants raise multiple arguments in opposition, but primarily argue plaintiffs failed to bring up an adequate record in support of their claim of error. We agree with defendants as to the inadequacy of the record and therefore affirm.

This appeal arises from a personal injury action alleging damages sustained in a motor vehicle accident. In their opening brief before this court, plaintiffs assert they were involved in a two-car accident that took place in a signal-controlled intersection, and that defendant Kang was the driver of the other car. Plaintiffs contend the signal had turned red and they were lawfully exiting the intersection when Kang hit them after entering the intersection against a red light. Plaintiffs further contend that, at trial, Kang asserted she entered the intersection on a yellow signal and plaintiffs illegally turned in front of her, failing to yield her the right-of-way.

As their sole appellate contention, plaintiffs argue the jury's special verdict is not supported by substantial evidence. Specifically, plaintiffs contend the jury answered "yes" to the question that defendant Kang was negligent, but then answered "no" as to whether she was a substantial factor in causing any of plaintiffs' damages, even though in answering the final questions as to apportionment of fault, the jury attributed 10 percent responsibility to Kang.

Plaintiffs contend the defense verdict cannot be supported by substantial evidence because, if defendant Kang was 10 percent negligent, then she must have been at least part of the cause of the collision and therefore must owe some amount of damages. The special verdict form appears to be defective.[1] Question one asked if Kang was negligent (the jury answered "yes"), and questions two and four asked if Kang's negligence was a

_____

[1] We reference the questions of the special verdict form as reflected in the judgment entered in the record. The special verdict form was not included in the record.

substantial factor in causing harm to either plaintiff (the jury answered "no").  The jury should not have been asked to apportion a percentage of responsibility to Kang if they found her negligence was not a substantial cause of harm.  Questions six, seven and eight asked the jury if plaintiff Duarte was negligent and if her negligence was a substantial factor causing the harm to herself or to plaintiff Castro.  Then, question nine asked the jury to assign a percentage of negligence to plaintiff Duarte, *and also* to defendant Kang, which was improper.  If Kang was not a substantial factor causing harm to plaintiffs, the jury should not have been asked to apportion any percentage of responsibility to Kang.  The jury finding that Kang was not a substantial factor in causing the harm is inconsistent with the finding that she was responsible for 10 percent of the harm.

The problem is that plaintiffs designated a minimal record on appeal.  Plaintiffs designated just two limited portions of the reporter's transcript from the entire jury trial, consisting only of the testimony of their two percipient medical experts attesting to the damages plaintiffs sustained in the accident.  As for the clerk's transcript, plaintiffs designated the superior court's case summary index, the judgment, the notice of entry of judgment, plaintiffs' motion for a new trial, the court's minute order denying the motion, the notice of ruling on the motion, and the notice of appeal.

The wholly inadequate record of the trial proceedings that plaintiffs provided makes it impossible for us to decide plaintiffs' claim of error.  For example, we cannot determine who is responsible for the error in the verdict form because plaintiffs did not include in the record a copy of the verdict form signed by the presiding juror or any other document that might establish which law firm prepared the verdict form.  We have only the judgment prepared by defense counsel, but it is commonplace after a verdict for the court to order the prevailing party to submit a proposed form of judgment, and we have no basis for assuming defendants had prepared the defective verdict form.  Moreover, if defendants had prepared the verdict form, nothing in the record indicates whether plaintiffs objected to the form or requested modifications to eliminate the potential inconsistency.  If plaintiffs prepared the verdict form, then the error was invited.

3

In sum, there is no basis for us to find the trial court caused the error with the verdict form, and it is a well-established foundational premise that on appeal, " '[a] judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error *must be affirmatively shown*. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564, first italics in the original, second italics added; accord, *Moreno v. City of King* (2005) 127 Cal.App.4th 17, 30 [where appellant brought up inadequate record, appellate court presumed trial court had been presented with "a sound basis" for implied finding that appellant had not incurred certain costs and affirmed trial court's denial of same].) Moreover, it is the appellant's duty to present an adequate record from which reversible error is affirmatively shown. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 628, p. 704; see also Cal. Rules of Court, rule 8.120.)

Further, with respect to a substantial evidence challenge (as plaintiffs have raised here), a proper and complete reporter's transcript of the testimony and evidence must be presented or any substantial evidence claim is forfeited. "Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 987, 992; see also 9 Witkin, Cal. Procedure, *supra*, § 360, pp. 415-416 [no review of sufficiency of the evidence claim "unless an adequate record is brought up"].)

Plaintiffs ask this court to find there is no substantial evidence supporting the jury's verdict that defendant Kang's conduct was not a substantial factor in causing harm to either plaintiff. However, plaintiffs have not presented the record of the proceedings

4

from which that determination can be made. Plaintiffs presented only their doctors' testimony that both plaintiffs suffered personal injuries as a result of an auto accident, but omitted the balance of the trial testimony as to the facts and circumstances regarding liability for the collision. We are unable to fairly evaluate plaintiffs' contention regarding the evidence and the jury's findings set forth in the special verdict form. (See *Aguilar v. Avis Rent A Car System, Inc*. (1999) 21 Cal.4th 121, 132 [rejection of the defendants' claim based on failure to provide an adequate record to the court].) Plaintiffs failed to discharge their duty to present an adequate and fair record upon which this court could assess their claim of error, and have failed to affirmatively show reversible error or any grounds for relief.

## DISPOSITION

The judgment is affirmed. Defendants and respondents shall recover costs on appeal.

GRIMES, J.

We concur:

RUBIN, Acting P. J.

FLIER, J.

5